UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY NEEF,

   Petitioner,

v.                                         **CIVIL NO. 07-303 MCA/DJS**

MICHAEL HEREDIA, Warden,

   Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C.§ 2254. Petitioner seeks to vacate the judgment and sentence entered in CR-97-1043 and Cr-98-1107 in Bernalillo County, New Mexico. In that case Petitioner was convicted, pursuant to a guilty plea, of Murder in the First Degree (Willful and Deliberate), Conspiracy to Commit Armed Robbery, Armed Robbery (with Firearm Enhancement), two counts of Tampering With Evidence, and one count of Possession of a Deadly Weapon by a Prisoner. Pursuant to those convictions, Petitioner was ultimately sentenced to a term of imprisonment of life plus twenty-nine and one half years, eighteen and one-half years of which were suspended for an actual sentence of life plus eleven years imprisonment, to be followed by five years on parole. As noted by the New Mexico District Court

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

in denying Petitioner's Amended state *habeas* petition, Petitioner was captured on videotape shooting the unarmed and unresisting manager of the grocery store where he worked when he conducted an after hours robbery with three other men. After killing the victim, Petitioner robbed $900 from a nearby open safe and then escaped, dismantling the shotgun he used and disposing of the parts in various locations. The robbers then divided the proceeds of their crime.

    2. Petitioner challenges his convictions on the ground that he was afforded ineffective assistance of counsel and on the ground that evidence admitted against him at trial was collected in violation of his constitutional rights. With respect to ineffective assistance of counsel, Petitioner asserts that his attorney prepared a motion to suppress evidence, but that once the prosecution offered a plea agreement Petitioner's attorney switched his focus to trying to talk Petitioner into taking the plea. Petitioner contends that his attorney was ineffective for failing to pursue the motion to suppress as it was likely to succeed. Petitioner further contends that he was held and questioned without being given a Miranda warning and while confined to a chair for hours, resulting in a coerced confession.

    3. 28 U.S.C. §2254 (b) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal habeas proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Petitioner never filed a direct appeal; however, he sought relief through a state *habeas* petition prior to bringing the claims in this action. Answer, Exhibits L, N. The petition was denied in part and granted in part, in that one count of the conviction, for Conspiracy to Commit First Degree Murder, was vacated and all other grounds for relief denied. Answer, Exhibit S. Petitioner sought *certiorari* review from the New Mexico Supreme Court, which was also denied. Answer, Exhibits T, DD. Respondent argues that the petition should be denied as the grounds were considered on their merits in state courts and that consideration did not result in a decision contrary

to or involving an unreasonable application of federal law or a decision based on an unreasonable determination of the facts in light of the evidence presented to the state courts.

    4. Where a state court ruled upon the merits of a *habeas* petitioner's claims, a federal court may grant his petition only if the petitioner can establish that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. Elliot v. Williams, 248 F.3d 1205, 1207 (10th Cir. 2001). When reviewing a state court's application of federal law, federal courts are precluded from issuing the writ simply because they conclude in their independent judgment that the state court applied the law erroneously or incorrectly. Rather, the federal court must be convinced that the application was also objectively unreasonable. Id. In addition, a federal court "presume[s] the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence." Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing § 2254(e)(1)). In this instance, the state *habeas* court relied upon standards of law consistent with and citing Strickland v. Washington, 466 U.S. 668 (1984), in determining whether Petitioner was provided with ineffective assistance of counsel. Further, Petitioner has not shown that the decision of the New Mexico court in denying his *habeas* petition involved an objectively unreasonable application of the law.

    5. Petitioner forfeited his chance to challenge the admissibility of evidence gathered in his questioning. A guilty plea admits all elements of the charge and waives all non-jurisdictional defects. United States v. Riles, 928 F.2d 339 (10th Cir. 1991). That is to say, a plea of guilty and the ensuing conviction comprehends all of the factual and legal elements to support a binding judgment of guilt. United States v. Broce, 488 U.S. 563 (1989). When a judgment of conviction on a plea of

guilty becomes final, additional inquiry is confined to whether the underlying plea was counseled and voluntary. Id. at 569.

6. In order to prevail upon his claim of ineffective assistance of counsel, Petitioner must show that counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). Petitioner must also demonstrate that he was prejudiced by his counsel's ineffectiveness, meaning that he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. In the context of a guilty plea, the prejudice prong of Strickland requires that Petitioner demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

7. A federal court will "uphold a state court guilty plea on federal review if the circumstances demonstrate that the defendant understood the nature and the consequences of the charges against him and that the defendant voluntarily chose to plead guilty." Miles v. Dorsey, 61 F.3d 1459, 1466 (10th Cir.1995) (citing Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)). Petitioner does not claim that he did not understand the nature and consequence of his plea, but rather that if his counsel had pursued his motion to suppress and prevailed upon that motion, he would have been in a different position. Advising a client to consider a plea agreement removing the possibility of the death penalty is a strategic decision. Federal courts analyzing strategic decisions give deference to the professional judgment of the attorney. Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir.2003); See generally Strickland, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). As noted by the New Mexico *habeas* decision, substantial evidence of Petitioner's guilt existed independent of his incriminating statements. Answer, Exhibit S. Petitioner

cannot show ineffective assistance of counsel.

8. Because the decisions on the merits by the New Mexico Courts are in accordance with federal law as determined by the United States Supreme Court and because Petitioner has not demonstrated that those decisions were based on an unreasonable determination of the facts, the petition should be denied.

**RECOMMENDED DISPOSITION**

That the petition be denied and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**